FILED
January 21, 2021
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

No. **5-21CV00015**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# (GALVESTON DIVISION)

ESTELLA VILLASENOR
Plaintiff,

v.

NISSIN FOODS (USA) COMPANY INC
Defendant.

**PLAINTIFF'S ORIGINAL COMPLAINT**

## IDENTITY OF PARTIES AND COUNSEL

**Plaintiff:**                                    **Counsel:**

Estella Villasenor                                ROBERT R. JONES III
                                                  State Bar No. 24092597

                                                  2411 Emancipation Ave, Ste 202
                                                  Houston, TX 77004
                                                  Tel 832-896-1010
                                                  Fax  281-404-9021
                                                  Email robertjoneslaw@gmail.com


**Defendant :**                                   **Counsel:**

Pepsico Inc.


4

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Estella Villasenor respectfully submits this Original Complaint against Defendant NISSIN FOODS (USA) COMPANY INC

## PARTIES

1. Plaintiff Estella Villasenor is currently a resident of Texas who can be contacted c/o the Law Office of Robert Jones, 2411 Emancipation Ave, Ste 202, Houston, TX 77004. 832-896-1010. Email robertjoneslaw@gmail.com

2. Defendant NISSIN FOODS (USA) COMPANY INC. is a company established in North Carolina and in good standing with the CA Secretary of State. The Company can served by serving its registered agent CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE (C1592199) at

251 LITTLE FALLS DR, WILMINGTON DE 19808 or wherever they may be found.

## STATEMENT OF THE CASE

5. Plaintiff is suing Defendants for intentional infliction of emotional distress (IIED) and negligence as a result of a piece of DEAD FROG which

4

Plaintiff found inside her cup of soup. Plaintiff's daughter almost swallowed one piece. Now she suffers from constant nightmares and is anxious at school.

4. Plaintiff sustained injuries as a result of these actions, and therefore brings this action for money damages of $2,500,000.

## NATURE OF THE CASE AND JURISDICTION

5. The basis for federal jurisdiction is complete diversity of citizenship. Plaintiff is a citizen of **Texas** and resident of Galveston, Texas. Defendants are citizens of the state **California**. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff. This Court has jurisdiction for these reasons.

### COUNT 1: NEGLIGENCE

6. **Negligence:** Elements of a Negligence cause of action are: 1) Duty owed by defendant to plaintiff; 2) Breach of that duty; 3) Proximate cause of the plaintiff's damages by defendant's breach; and 4) Damages. *Rodriguez-Escobar v.*

*Goss*, 392 S.W.3d 109, 113 (Tex. 2013)   The incident occurred on or about May 2019 and two months later Plaintiff and her daughter are still experiencing nightmares and are sickened at the thought of this incident.

## COUNT 2: EMOTIONAL DISTRESS

7. **Intentional infliction of emotional distress (IIED):** The Texas law tort of intentional infliction of emotional distress requires proof of the following elements: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) that conduct caused the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was severe. *Estate of Newton ex rel. Newton v. Grandstaff*, No. 3:10-CV-809-L, 2012 WL 3013929, at *7 (N.D. Tex. July 20, 2012) (Lindsay, J.) (citing *Twyman v. Twyman*, 855 S.W.2d 619, 621–22 (Tex.1993)). The Texas Supreme Court has recognized that an intentional infliction of emotional distress claim is "a 'gap-filler' tort, judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex. 1998) (emphasis added).

4

8. The Defendant's actions have not only had a deleterious effect on Mr. Decker's health and mental state, the Defendant's actions have had a severe impact due to the extreme and outrageousness conduct of the Defendant's actions. Defendants intentionally or recklessly caused severe emotional distress to the Plaintiff through their actions, conduct, and intentional strategy to trample upon Plaintiff's rights. Defendant's conduct was extreme and outrageous and proximately caused Plaintiff's severe emotional distress.  Plaintiff suffered damages for which Plaintiff here sues of including but not limited to severe mental anguish, interest, inconvenience, emotional pain, suffering, loss of enjoyment of life, loss of consortium, post traumatic stress disorder.

## REQUEST FOR ATTORNEY FEES

9. Plaintiff also hereby requests $30,000 in attorney fees.

## CONCLUSION

10. As a result, the Plaintiff should be awarded damages including actual and punitives. Due to the actions of Defendants, plaintiff has been damaged substantially.  While no amount of money can give him that time back, it might help ease the pain.

4

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Plainitiff respectfully prays that this Honorable Court award him with money damages she is requesting, including attorney fees and any and all punitive or other damages the Court may deem necessary to award past, present and future.

                        Respectfully submitted,

                        **/s/ Robert R. Jones III**
                        _____
                        ROBERT R. JONES III
                        Texas Bar No. 24092597
                        Pro Hac Vice Application Pending
                        Law Office of Robert R. Jones III
                        2411 Emancipation Ave, Ste 202
                        Houston, TX 77004
                        Tel: (832) 896-1010
                        Fax: (281) 404-9021
                        Email:  robertjoneslaw@gmail.com
                        COUNSEL FOR PLAINTIFF

Date: 8/17/2019

4

## **CERTIFICATION**

Pursuant to Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or **discovery**; and (4) the complaint otherwise complies with the requirements of Rule 11

By:

_____
ESTELLA VILLASENOR

4

BEFORE ME, the undersigned authority, on this day personally appeared the affiant, who is known to me to be the person whose name is subscribed to the above and foregoing instrument and acknowledged to me that he executed the same for the purposes and considerations therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _____ day of _____, 2019.

_____
Notary Public in and for the State of Texas

4

Robert Jones
Attorney
2411 Emancipation Ave, Ste 200
Houston, TX 77004



AFSM & N Hou 773
FRI 08 JAN 2021 PM

United States District Court
Northern District of Texas Lubbock Dist.
1205 Texas Avenue, Suite 209
Lubbock, TX 79401

JAN 21 2021
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS