UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| ESTELLA VILLASENOR,<br><br>    Plaintiff,<br><br>v.<br><br>NISSIN FOODS (USA) COMPANY INC., et al.,<br><br>    Defendants. | No. 5:21-CV-015-H |

## ORDER OF DISMISSAL

Estella Villasenor has failed to comply with the Court's order, which required her to demonstrate subject-matter jurisdiction over this case. Pursuant to Federal Rule of Civil Procedure 41(b), the Court dismisses Villasenor's claims without prejudice to refiling.

### 1. Factual and Procedural Background

On January 21, 2021, Villasenor filed her Original Complaint (Dkt. No. 1). On January 29, 2021, the Court ordered Villasenor, by February 18, 2021 to file an amended complaint that alleges diversity of citizenship, in conformity with 28 U.S.C. § 1332, Federal Rule of Civil Procedure 10(a), and Local Civil Rule 3.2. Dkt. No. 4. The Court warned Villasenor that if she failed to do so, the action would be dismissed without prejudice for want of subject-matter jurisdiction. *Id.* at 3. Villasenor failed to comply with that order.[1]

---

[1] The Court notes that it also ordered Villasenor to comply with Local Rule 83.10 and obtain local counsel or submit a motion to waive the requirement and ordered Villasenor's counsel, Robert R. Jones, III, to apply for admission pro hac vice no later than February 11, 2021. Dkt. No. 5. Neither Villasenor nor Jones have complied with the Court's order, however, this is not the Court's basis for dismissing Villasenor's claims.

2.   **Legal Standard**

Federal Rule of Civil Procedure 41(b) permits the Court to dismiss a claim "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." "It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." *Campbell v. Wilkinson*, No. 20-11002, 2021 WL 650106, at *1, ___ F.3d ___ (5th Cir. Feb. 19, 2021). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Although such a dismissal may be with or without prejudice, a dismissal with prejudice "is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996)

3.   **Analysis**

The Court finds that dismissal without prejudice is the appropriate sanction for Villasenor's failure to obey this Court's order. Villasenor's failure to comply with this Court's order—or respond to it in any fashion—indicates that the Court should exercise its inherent docket-management power and dismiss this case without prejudice. *See Price v. McGathery*, 792 F.2d 472, 474 (5th Cir. 1986); *Chambers v. Bank of Am. Corp.*, No. 3:09-CV-2420-K BF, 2010 WL 3430937, at *2 (N.D. Tex. Aug. 2, 2010), *report and recommendation adopted*, 2010 WL 3431673 (N.D. Tex. Aug. 30, 2010) (dismissing a plaintiff's claim for failure to comply with court orders); *cf. also Sprint Sols., Inc. v. Taylor*, No. 3:14-CV-4124-M BF, 2015 WL 4100059, at *2 (N.D. Tex. July 6, 2015) (striking a defendant's pleadings and

permitting the plaintiffs to move for entry of a default judgment against the defendant because the defendant failed to comply with court orders).

However, the Court does not find that Villasenor's failure to comply with this Court's order was the result of purposeful delay or willful disregard. Thus, the Court declines to dismiss Villasenor's claims with prejudice at this time.

4. Conclusion

Villasenor's claims are dismissed without prejudice. The Clerk of Court is directed to terminate this case.

So ordered on March 11, 2021.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE